USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-26-2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

-against-

VIKRAM DATTA,

                Defendant.
------------------------------------x

11-cr-0102 (LAK)
[14-cv-8653 (LAK)]
[20-cv-2330 (LAK)]

## ORDER

LEWIS A. KAPLAN, *District Judge*.

      Defendant Vikram Datta, who remains in home confinement and is acting *pro se*, has filed collateral proceedings in this action yet again. On March 21, 2023, he filed a document entitled "Motion for Clarification of Jurisdiction to Impose Preliminary Order of Forfeiture as to Substitute Assets Filed in Case: 11 Cr. 102 (LAK)."[1] Then, on May 24, 2023, he filed another collateral proceeding entitled "Motion for Clarification for Prosecutorial Misconduct."[2]

      While the relief sought in the last passage of the Forfeiture Motion challenged the "Preliminary Order of Forfeiture as to Substitute Assets" issued by the Court on February 21, 2023,[3] the application makes reasonably clear that defendant claims that this Court lacked subject matter jurisdiction over his criminal trial, that the government falsified court filings and evidence, and that the government withheld exculpatory evidence in violation of *Brady* and due process. Similarly, the last paragraph of Datta's Misconduct Motion seeks "clarif[ication]" of the government's "[j]urisdiction . . . to arrest and prosecute the petitioner" and this Court's jurisdiction "to adjudicate the case of the petitioner," but the application as a whole plainly challenges his sentence of imprisonment based on an alleged lack of subject matter jurisdiction and violations of his Fourth Amendment, Fifth Amendment, and due process rights. Furthermore, Datta yet again argues that he was tried on one indictment but sentenced on a different indictment on which he never was tried

---

[1] Dkt 232 (hereinafter "Forfeiture Motion").

[2] Dkt 233 (hereinafter "Misconduct Motion").

[3] *See* Dkt 230.

– an argument debunked in detail in this Court's order dated January 25, 2022.[4]

Thus, the pending motions are applications by a person in the custody of the Bureau of Prisons who claims a right to be released and other relief because the sentence of imprisonment was imposed in violation of, *inter alia*, his right to due process. Accordingly, they are 28 U.S.C. § 2255 motions. Datta already has filed numerous 2255 motions,[5] the first of which was denied on the merits and a certificate of appealability was denied on April 24, 2015.[6] Accordingly, this is a second or successive 2255 motion without even considering Datta's subsequent collateral attacks.

As this is a second or successive Section 2255 motion on which this Court may not act except with leave of the Court of Appeals, the Clerk shall transfer it to that Court in accordance with *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).[7]

SO ORDERED.

Dated:       July 26, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[4] *See* Dkt 227.

[5] *See* Dkt 231.

[6] Dkt 161.

[7] The Court notes that on March 17, 2023 – prior to the filing of either the Forfeiture Motion or the Misconduct Motion – the Court of Appeals issued an order imposing a leave-to-file sanction on Datta due to his "continued filing of frivolous or duplicative motions for leave to file a successive § 2255 motion." *Datta v. United States*, No. 22-6045, (2d Cir. Mar. 17, 2023), Dkt 18. That order requires the Second Circuit's Clerk of the Court to "refuse to accept for filing from Petitioner any future motions for leave to file a successive § 2255 motion challenging his 2012 conviction unless he first obtains leave of the Court to file such motion." *Id.*