```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-4-2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-    11-cr-0102 (LAK)
        [14-cv-8653 (LAK)]
        [20-cv-2330 (LAK)]

VIKRAM DATTA,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

      Defendant Vikram Datta, who remains in home confinement and is acting *pro se*, has filed a collateral proceeding in this action yet again. On March 21, 2023, he filed a document entitled "Motion for Clarification of Jurisdiction to Impose Preliminary Order of Forfeiture as to Substitute Assets Filed in Case: 11 Cr. 102 (LAK)."[1] Then, on May 24, 2023, he filed another collateral proceeding entitled "Motion for Clarification for Prosecutorial Misconduct."[2] As those motions were second or successive Section 2255 motions, this Court transferred Datta's motions to the Second Circuit in accordance with *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). (Dkt 235)

      Now before the Court is Datta's latest collateral attack on his sentence of imprisonment, which he has titled "Motion for Clarification for Violation of Civil Rights." (Dkt 236) The motion largely rehashes the arguments already made in his previous motions, including that this Court lacked subject matter jurisdiction over his criminal trial, that the government falsified court filings and evidence, and that the government withheld exculpatory evidence in violation of *Brady* and due process.

      The only new substance raised in Datta's most recent *pro se* filing is his assertion that multiple of his family members suffer from serious illnesses, that he is living as a "hostage" due to his "illegal arrest," and that he is "depriv[ed of the ability] to perform his duties as son, husband, and

---

[1] Dkt 232 (hereinafter "Forfeiture Motion").

[2] Dkt 233 (hereinafter "Misconduct Motion").

father."[3]  In his Request for Relief, Datta asks the Court to "[g]rant [him] permission to work independently and perform duties of a son, husband, and father."[4]  Datta attaches what appear to be medical records for his father and wife as exhibits to his motion.[5]

The Court is required to construe *pro se* pleadings liberally and interpret them to raise the "strongest arguments that they suggest."[6]  Datta's request for the Court to permit him to "perform duties of a son, husband, and father" is interpreted liberally as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  That motion is denied without prejudice because Datta does not allege that he has exhausted his administrative remedies and, in any case, has provided no evidence of his daughter's medical condition nor does he make any allegation that he is the only caregiver available for his father, spouse, or daughter.[7]

The remainder of Datta's motion is transferred to the Court of Appeals pursuant to *Liriano* for substantially the same reasons set forth in this Court's order dated June 26, 2023.  Although the last paragraph of Datta's motion seeks an evidentiary hearing regarding "Clarification for Jurisdiction; and Subject-matter jurisdiction Violation," "Clarification for Fourth Amendment; and Due Process Violations," "Clarification for Civil Rights Violation," and "Clarification for Sentencing Fraud committed by the government," the application as a whole plainly challenges his sentence of imprisonment based on an alleged lack of subject matter jurisdiction and violations of his Fourth Amendment, Fifth Amendment, and due process rights.

Thus, the pending motion is an application by a person in the custody of the Bureau of Prisons who claims a right to be released and other relief because the sentence of imprisonment was imposed in violation of, *inter alia*, his right to due process.  Accordingly, it is a 28 U.S.C.

---

[3] *Id.*

[4] *Id.* at 16.

[5] *Id.*, Exs. 1–2.

[6] *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[7] *See United States v. Sharma*, No. 19-cr-24 (JMA), 2023 U.S. Dist. LEXIS 113622, at *5 (E.D.N.Y. June 30, 2023) ("[M]ultiple courts [in this Circuit] have concluded that compassionate release due to the incapacitation of a spouse or a child's caregiver is only warranted when a defendant is the only caregiver available." (collecting cases)); *see also id.* at *6 ("[M]ultiple courts within this Circuit have found that a defendant seeking compassionate release based on that person's caregiver status must provide 'several sources' of evidence to buttress such a claim." (collecting cases)).

§ 2255 motion.  Datta already has filed numerous 2255 motions,[8] the first of which was denied on the merits and a certificate of appealability was denied on April 24, 2015.[9]  Accordingly, this is a second or successive 2255 motion without regard to Datta's many subsequent collateral attacks.

As this is a second or successive Section 2255 motion on which this Court may not act except with leave of the Court of Appeals, the Clerk shall transfer it to that Court in accordance with *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).[10]

SO ORDERED.

Dated:   August 4, 2023

/s/   Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge

---

[8] *See* Dkt 231.

[9] Dkt 161.

[10] The Court notes that on March 17, 2023 – prior to the filing of the Forfeiture Motion, the Misconduct Motion, and Datta's latest motion – the Court of Appeals issued an order imposing a leave-to-file sanction on Datta due to his "continued filing of frivolous or duplicative motions for leave to file a successive § 2255 motion." *Datta v. United States*, No. 22-6045, (2d Cir. Mar. 17, 2023), Dkt 18.  That order requires the Second Circuit's Clerk of the Court to "refuse to accept for filing from Petitioner any future motions for leave to file a successive § 2255 motion challenging his 2012 conviction unless he first obtains leave of the Court to file such motion." *Id.*