<u>Memorandum Endorsement</u>                    <u>United States v. Datta, 11-cr-0102, 14-cv-8653 (LAK)</u>

        Vikram Datta, an apparently indefatigable *pro se* litigant, endlessly attacks his long-since affirmed[1] convictions for conspiracies to commit money laundering and to travel internationally in aid of racketeering. He now purports to move pursuant to the Freedom of Information Act ("FOIA")") – both in the long-since completed criminal case and in a now concluded civil docket assigned to a Section 2255 motion[2] – "for clarification & solicitation of the records supporting jurisdiction of the government to prosecute the petitioner and ruling(s) of the honorable court." The application is DENIED. Among other reasons supporting this result that need not be stated here, are these:

        First, neither of the cases in which Datta has filed this purported action remain pending. If he wishes to file an action for relief under FOIA, he must commence a new civil action in an appropriate venue and, absent *in forma pauperis* relief, pay the requisite filing fee.

        Second, the clarification and records Datta purports to seek would be from the court. A FOIA request, however, must be directed to an "agency" of the United States government. 5 U.S.C. § 552, *passim.* The statutory definition of "agency" specifically and explicitly *excludes* "the courts of the United States." *Id.* § 551(1)(B).

        SO ORDERED.

Dated:      February 2, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[1]     *United States v. Datta,* No. 12-647-cr (2d Cir. filed Feb. 21, 2013).

[2]     No. 14-8653 (S.D.N.Y. filed Nov. 3, 2014).

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YOK (SDNY)

VIKRAM DATTA
PETITIONER
V.                              CASE: 11-cr-0102; 11-cr-0102-LAK; 14-cv-8653-(LAK)

UNITED STATES OF AMERICA
RESPONDENT

5 USC Section 552(a) Motion for Clarification & Solicitation of the Records Supporting Jurisdiction of the
Government to Prosecute the Petitioner and Ruling(s) of the Honorable Court"

VIKRAM DATTA, prose
USM # 64542054
7512 Delfina  Drive
Laredo, TX. 78041

To
The Clerk of the District Court
500 Pearl Street
New York, NY. 10007

Case: 11-cr-0102; 11-cr-0102-LAK; 14-cv-8653-LAK.

CLEERK OF THE COURT:

Enclosed please find my "5 USC Section 552(a) Motion for Clarification &Solicitation of the Records Supporting Jurisdiction of the Government to Prosecute the Petitioner and Ruling(s) of the Honorable Court" that I have prepared pro-se. Kindly file my motion, and as I am in home confinement, please send any and all mailings to me at the address below my signature line.

Thanks for your assistance and courtesies.

Respectfully Submitted

Vikram – Datta            1/25/ 2 4
Vikram Datta  pro-se,                     Date
USM# 64542054
7512 Delfina Dr.
Laredo, TX. 78041

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YOK (SDNY)


VIKRAM DATTA

PETITIONER

V.                          CASE: 11-cr-00102; 11-cr-0102-LAK; 14-cv-8653 (LAK)

UNITED STATES OF AMERICA
RESPONDENT

---

CERTIFICATE OF SERVICE

   The undersigned, pro se, hereby certifies that a true and correct copy of the "5 USC Section 552(a) Motion for Clarification & Solicitation of the Records Supporting Jurisdiction of the Government to Prosecute the Petitioner and Ruling(s) of the Honorable Court" has been mailed to the United States Attorney's Office (SDNY) at 1 Saint Andrew's Plaza, New York, NY 10007, by depositing a copy of the Motion for First Class United States Postal mailing.


Respectfully Submitted,


Vikram - Datta        1/25/24
Vikram Datta, pro-se,            Date
USM # 64542054
7512 Delfina Dr.
Laredo, TX. 78041

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK (SDNY)

VIKRAM DATTA
PETITIONER

V.            Case # 11-CR-0102; 11-CR-0102-LAK; 14-cv-8653(LAK).

UNITED STATES OF AMERICA
RESPONDENT

---

### 5 U.S.C. SECTION 552(a) MOTION FOR CLARIFICATION & SOLICITATION OF THE RECORDS SUPPORTING JURISDICTION OF THE GOVERNMENT TO PROSECUTE THE PETITIONER AND RULING(S) OF THE HONORABLE COURT.

---

TO THE HONORABLE COURT:

COMES NOW, I, VIKRAM DATTA, prose, hereafter 'PETITIONER' moves the Honorable Court with

this "5 U.S.C. Section 552(a) Motion for Clarification & Solicitation of the Records Supporting Jurisdiction

of the Government to Prosecute the Petitioner and Ruling (s) of the Honorable Court." The petitioner

respectfully states the following:

### PRELIMINARY STATEMENT

Petitioner respectfully requests to this Honorable Court to construe prose pleadings of petitioner

liberally. Please see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), Walker v. Schultz, 727 F. 3d 119

(2d Cr. 2013), Estelle v. Gamble 429 US 97, 98 (1976), and interpret them to raise the "strongest [claims]

That they suggest " Triestman  v. Fed. Bureau of Prison  470 F.3d 471, 474 (2d Cir. 2006).

### RULINGS OF THE HONORABLE COURT SINCE 2016

1.  ·  On 6/1/2016 the Honorable Court Ruled in **Case: 1:11-cr-00102-LAK (1) Valdez** who pled guilty to **drug** related offense on 8/18/2011 was not charged as a co-defendant with the petitioner; only Faustino Garza-Gonzalez from now on **Garza-Gonzalez** and **Datta** were charged in this case; (2) The conviction of The petitioner on the S1 indictment: S1 11 Cr. 102 (LAK) filed on 8/9/2011 in Case: 11-cr-0102.

1

2.      On 10/13/2016 the Honorable Court amended imprisonment and sentencing orders for the petitioner from Case #1:09-CR-949-02 (LAK) for offense on 1/31/2011 in February 8, 2011 1st amended judgment bearing Case: 1 (S2)11-CR-0102-01 (LAK) from Counts (S2)Two & (S2)Three, to Count (S1) Two & Count (S1)Three in Case: 11-cr-0102-LAK for an Offense on 1/31/2011 in 2nd amended judgment bearing Case: 1: (S1)11-CR-0102-01 (LAK).The petitioner was not resentenced on Counts (S1) Two and (S1) Three in Case: 11-cr-0102. PSR, Sentencing Computation Data, and Statement of Reasons for the sentencing of the petitioner remained on Case# 1:09-CR-949-02 (LAK) for an offense on 1/31/2011.

3.      On 10/23/2018, the Honorable Court denied 192 Motion to provide the petitioner with 'Original Indictment' on which he had been sentenced on 1/20/2012 and the indictments in which the Honorable Court amended the judgments for the Count (S2) Two and Count (S2) Three on 2/8/2012 bearing Case# 1(S2)11-CR-0102-01 (LAK) & for Counts (S1)Two and (S1)Three bearing Case#(S1)11-CR-0102-01 (LAK) on 10/13/2016 for the conspiracy of the offense charged in the Counts Two and Three  from Case # 1:09-CR-949-02 (LAK) for an offense that happened on 1/31/2011 without prejudice to any civil action pursuant to the 701A.

4.      On 1/25/2022 the order of the Honorable Court Ruled **(1)** the petitioner was **charged, tried and sentenced** only in 11-cr-0102 and only on the **S1 Indictment, (2)** the original indictment was filed on February 3, 2011, and a first superseding indictment ("**S1**") was filed on August 9, 2011. Datta was the **only defendant and was named in both.** On August 23, 2011, a second superseding indictment ("**S2**") was filed that charged a second defendant as well as Datta, one **Faustino Garza-Gonzalez.** Datta was arraigned on **September 7, 2011,** but the minute order makes abundantly clear that Datta would be tried commencing on September 12, 2011 on S1, not S2: And Datta in fact was tried in September 2011 on S1 with the results _clarified_ in the Conviction and Sentence on the first page; conspiring to launder money represented by undercover agents to be the proceeds of drug trafficking (Count One), conspiring to launder the proceed of drug trafficking (Count Two), and conspiring to travel in interstate and foreign commerce in aid of money laundering (Count Three); **(3)** convictions were affirmed. **United States v. Garza-Gonzalez, 512 Fed. Appx. 60 (2d Cir. 2013);** and **(4)** 09-cr-949 is the number of a case in which two witnesses who cooperated against Datta were charged, but in which Datta never was a party.

## ISSUES PRSENTED

1.  CLARIFICATION AND SOLICITATION OF THE RECORD FOR THE MONEY LAUNDERING OFFENSE IN WHICH THE PETITIONER CONSPIRED TO LAUNDER THE PROCEEDS OF DRUG TRAFFICKING FOR WHICH THE PETITIONER WAS ARRESTED ON 1/15/2011, TRIED ON 9/12/2011, CONVICTED ON 9/27/2011, AND SENTENCED ON 1/20/20122 IN THE S1 INDICTMENT IN CASE: 11-cr-0102.

2.  CLARIFICATEION AND SOLICITATION OF THE HARD COPY OF THE S1 INDICTMENT IN WHICH THE HONORABLE APPEAL COURT AFFIRMED THE FEBRUARY 8, 2012 AMENDED JUDGMENT IN UNITED STATES v. GARZA-GONZALEZ, 512 Appx 60 (2d Cir. 2013) FOR AN OFFENSE ON 1/31/2011.

3.  CLARIFICATION WHETHER THE S1 INDICTMENT IN CASE: 11-Cr-0102 IN WHICH THE PETITIONER WAS CHARGED, TRIED AND SENTENCED WAS A DEFECTIVE INDICTMENT, THAT FALSELY CHARGED THE PETITIONER FOR THE CONSPIRACY TO LAUNDER THE PROCEEDS OF THE DRUG TRAFFICKING FROM JUNE 2009 TO JANUARY 2011 FOR AN OFFENSE ON 1/31/2011 IN CASE: 11-CR-578 (VM).

4.  CLARIFICATION OF THE PROBABLE CAUSE FOR THE ARREST OF THE PETITIONER ON 1/15/2011.

## STATEMENT OF FACTS

In or around **June of 2009**, DEA AGENTS in New Jersey commenced the investigation of perfume businesses in NY, NJ and Laredo, TX., after arresting **Ajay Gupta** and **Ankur Gupta** from now on **Guptas** owners of perfume business **Nandansons Intl** in Edison, NJ. **Guptas** accepted cash money from hispanic national (s) in the parking lots of other businesses. **Guptas** introduced DEA agents to the petitioners as their Mexican perfume customer in **August 2010. Guptas** were arrested in **Case: 10 CR 252 (RJS)** for conspiring to launder the proceed of drug trafficking from **1997 to 2009** in NY and NJ.

DEA agents arrested the petitioner on **1/15/2011** pursuant to the Criminal **Complaint 11 MAG 108** for **Count One** in **Case: 1:11-mj-0108-UA** for conspiring to launder drug money charged in **Count One** from **October 2009 to January 2011** alleging... **On October 5-6, 2010** one company owned by petitioner wired over $100,000 to three perfume dealers in New York, NY. **Arrest Warrant 11 MAG 108** was signed by **someone** for Magistrate Judge Honorable **Debra Freeman**. In **May 2017**, the Clerk of the court sent petitioner another arrest warrant: **11 MAG 108** signed by Magistrate Judge Honorable **Debra Freeman**. **(Exhibit-1-2)**

The government filed Indictment: **11 CRIM 102** on 2/3/2011 charging the petitioner for conspiring to launder the proceeds of drug trafficking from **Mexico to USA** from **October 2009 to January 15, 2011** with allegation--**On October 5-6, 2010** petitioner sent over $100,000 to three different perfume dealers in **New York** with wire transfers in the conspiracy to launder drug money from Mexico to USA in SDNY **(Count One);** and conspiring to launder money represented by undercover agents to be the proceeds of the drug trafficking from **October 2009 to January 2011. (Count Two)** The government **did not** hold the probable cause hearing on **2/8/2011**, after filing the Indictment: 11 CRIM 102 on 2/3/2011.

The **Indictment 11 CRIM 102** was filed on **2/3/2011** from **Case: 11-mj-00108-UA.** The Indictment: 11 CRIM 102 was Designated as Case: 11-cr-102 on **2/3/2011.** Case: **11-mj-00108-UA** was merged in **Case: 11-cr-0102** when the Indictment: **11 CRIM 102** was filed on 2/3/2011. The Honorable Court arraigned the petitioner on **Indictment: 11 CRIM 102** on **2/10/2011.**

3

On **8/9/2011** the government filed S1 Indictment: **S1 11 Cr. 102 (LAK)** in Case: 11-cr-0102 charging petitioner for conspiring to launder money represented by undercover agents to be the proceeds of the drug trafficking from **August 2010 to January 2011 (Count One);** conspiring to launder the proceeds of drug trafficking from **Mexico to USA** in SDNY from **June 2009 to January 2011 (Count Two);** & conspiring to travel interstate and foreign commerce in aid of money laundering from **June 2009 to January 2011** in **(Count Three);** and on **8/23/2011** filed the second superseding **S2** Indictment in **Case: 11-cr-0102** that charged the petitioner and **Garza-Gonzalez** for same conspiracies **from June 2009 to January 2011** in Count **Two** and Count **Three.** The Honorable Court ruled on 6/1/2016 in **Case: 11-cr-102-LAK;** only **Garza-Gonzalez** and **Datta** (petitioner) were charged in this case.

**Garza-Gonzalez** operated/managed a currency exchange business for Hilario Martinez-Garcia from now on **Hilario** in Nuevo Laredo in **Mexico. Garza-Gonzalez** exchanged Peso for US Dollars for Mexican perfume customers in Mexico. **Hilario** brought US Dollars from **Garza-Gonzalez** in **Mexico** to Laredo in USA. **Hilario** declared US Dollars to the Custom Officers at Port of Entry in Laredo, TX, prior to making payments from Mexican perfume customers to the perfume businesses in Laredo, TX, (USA) including petitioner's business **La Versailles** in Laredo (USA).

**Hilario** was arrested in Laredo, TX., on **1/18/2011** by the government for Conspiring to launder the proceeds of drug trafficking from **June 2009 to January 2011** in Case: **11-cr-0578 (VM). Hilario** pleaded guilty to conspiracy to launder the proceeds of drug trafficking in SDNY from **June 2009 to January 2011** on 7/8/2011 in **Case: 11 CR 578 (VM)** that was reassigned on **3/20/2012** to the District Judge Honorable Lewis A. Kaplan **(LAK).** The petitioner was not charged for conspiring to launder the proceeds of drug of drug trafficking in SDNY in **Case: 11-cr-578 (VM). Hilario** was sentenced on **3/23/2012** for 1956 (h) Conspiracy to Commit Money Laundering in **Count One** for an offense ended on <u>**1/31/2011**</u> **in Case: 11-cr-578 (VM). (Document 35 filed on 3/29/2012 in Case: 1:11-cr-0578-LAK.)** The Honorable Court clarified—only the petitioner and **Garza-Gonzalez** were charged in **Case: 11-cr-0102-LAK.**

4

Government fabricated falsified indictment: **S1 11 Cr. 102 (LAK)** only to prosecute the petitioner for conspiring to launder the proceeds of drug trafficking from **June 2009 to January 2011** charged in **Case: 11-cr-0578 (VM)** without **Jurisdiction**. On **8/9/2011** the government filed the **DEFECTIVE** first Superseding Indictment **(S1) : S1 11 Cr. 102 (LAK)** charging the petitioner, **NOT Hilario** for conspiracy to launder the proceeds of the drug trafficking from **June 2009 to January 2011** in **Case: 11 CR 578 (VM).** The petitioner's attorney Diarmuid White reviewed a **S1** indictment of **Hilario** in **June-July of 2011** with three counts in which the petitioner was charged as co-defendant in the indictment. Attorney White told the petitioner .. **Count Three** was **derived** and added for **Hilario** bringing cash money from **Mexico to USA** for **Garza-Gonzalez** in **Count Two. Hilario** brought $6.7million from **Garza-Gonzalez** between **June 2009 to January 18, 2011** that was calculated as loss amount in sentencing of petitioner. **(ST-12)**

**Garza-Gonzalez** was arrested in **Case: 11-cr-0102** in Laredo, TX, on 8/23/2011. On **8/26/2011,** the Government fabricated and filed another falsified indictment: **S2 11 Cr. 102 (LAK)** with three counts, in which the petitioner and **Garza-Gonzalez** were charged for same conspiracies in **Case: 11-cr-578 (VM)** that were charged in Counts 2,3 of the S1 Indictment: **S1 11 Cr. 102 (LAK)** to which **Garza-Gonzalez** pleaded not guilty on **8/26/2011. Garza-Gonzalez** pleaded guilty to conspiracy to launder the proceeds of drug trafficking in SDNY from **2007 to October 2011** on **9/8/2011. Garza-Gonzalez** told AUSA Skinner on **9/9/2011-Garza-Gonzalez** started dealing with **Alberto** who had dirty US dollars in Mexico City from middle of the **January-February of 2011** i.e. after the arrest of the petitioner on 1/15/2011. **(Exhibit-3)** On 9/27/2011 plea of **Garza-Gonzalez** was backdated from **9/8/2011** to **9/4/2011** when the petitioner was found guilty on **S1 11 Cr. 102 (LAK). (Exhibit-4)** During the trial, the Honorable Court instructed the jury to disregard **Garza-Gonzalez's** belief of money in Mexico to be drug money. **(T-578) Garza-Gonzalez** was sentenced for 18 USC 1956(h) Conspiracy to Commit Money Laundering in **Count (S3) One;** and 18 USC 371 Conspiracy to Travel Internationally in Aid of Racketeering Enterprises in **Count (S3) Two** for an offense ended on **8/31/2011.**

On **6/28/2012, Garza-Gonzalez's** guilty plea was amended **from** Counts Two and Three of the **S2 Indictment in Case: 11-cr-0102 (from Case: 11-cr-578 (VM))** for conspiracy to launder the proceeds of drug trafficking from **Mexico to USA** in the SDNY from **June 2009 to January 2011,** to Counts 1s & 2s of **Garza-Gonzalez** for conspiracy to launder the proceeds of drug trafficking from **2007 to October 2011** in Case: **11-cr-0102-LAK. (DE-111, 112)**

On **8/18/2011**, the government held arraignment on two set of Counts: 1-2, 1s-2s, 3s, 1ss-2ss, 3ss in **Case: 11-cr-0102** for the defendants who conspired to launder the proceed of drug trafficking in SDNY including but not limited to **Hilario** in **Case: 11 CR 578 (VM)** and **Garza-Gonzalez** in **Case: 11-cr-0102** before Magistrate Judge Honorable Andrew J. Peck with a defendant **VALDEZ.** Only petitioner's jury trial was set before this Honorable Court on 9/12/2011. **(DE-33)** The petitioner was not arraigned on either set of Counts: 1-2, 1s-2s, 3s, 1ss-2ss, 3ss in Case: 11-cr-0102 on **8/18/2011**.

**In this case** of the petitioner DEA agent Recinos was the only **SINALOA CARTEL** actor posing as drug dealer and money launderer for the **Sinaloa Cartel** in Mexico. Recinos failed in getting the petitioner to launder the drug money from USA to Colombia for **Sinaloa Cartel.** Recinos wanted to use **VALDEZ** code name to call petitioner & failed in getting petitioner to accept over **$150,000** in cash on **9/18/2010** from his contact in NJ and NY to buy perfumes from the petitioner in TX, AZ, and CA. On **9/24/2010 Recinos** sent **$50,000** with wire transfer to petitioner's perfume company **"La Versailles"** in Laredo, TX., that was returned to the sending bank with wire transfer on **9/29/2010.** In early **October of 2010**, a cooperating witness **(CW)** delivered over $100,000 in cash to three perfume businesses in NJ & NY including **Perfume Unlimited** in SDNY arranged by **Virender Sharma** owner of T M Perfumes located in Laredo, TX. On or around November 18, 2010 (CW) Ankur Gupta failed in getting the petitioner to accept cash from his Mexican Customer (DEA agents) in Laredo, and launder to NJ. **Recinos** was the only **SINALOA** actor who laundered **"Sinaloa Money"** for that reason on December 7, 2010 petitioner used rant **it's all Sinaloa Money & 90 %** for Recino's drug money that he tried to launder through petitioner's business from **USA**

6

to Colombia, or Mexico to USA; and his contact/code **VALDEZ** was present in arraignment on 8/18/2011 of the defendants who laundered drug money in SDNY.

On 9/7/11 petitioner's attorneys informed the petitioner that the government superseded the **S1** indictment of **Hilario**, with S2 indictment of **Garza-Gonzalez** and waived the grand jury approval for the **S2 indictment** to go on trial. The Honorable Court arraigned the petitioner on a **S2 indictment** and declared it defective, and then ruled 9/12/2011 trial of petitioner will proceed on **S1 indictment**, and sentencing will be held on **S2 indictment**. The petitioner was arraigned on another **S2 Indictment, NOT** on the **S1 indictment** on which he had to stand trial on 9/12/2011. **(DE-40)**

The government concealed **S1 & S2** counts of **Hilario** and **Garza-Gonzalez** in **Case: 11-cr-0578 (VM)**; and **Case: 11-cr-0102-LAK** in **S1 & S2** Dockets of **Case: 11-cr-0102.** The government filed three **tempered Indictments: 11 CRIM 102, S1 & S2** from one set of Counts: 1-2, 1s-2s, 3s, 1ss-2ss, 3ss  in **S1** Docket in Case: 11-cr-0102 for **Hilario's** conspiracy to launder the proceed of drug trafficking with **Garza-Gonzalez** from **June 2009 to January 2011** in **Case: 11-cr-0578 (VM)**. Government did not file **GHOST** Indictments from other set of Count: 1-2, 1s-2s, 3s, 1ss-2ss, 3ss in S2 Docket in Case: 11-cr-0102 for **Garza-Gonzalez's** conspiracy to launder the proceeds of drug trafficking in SDNY for offenses on **1/31/2011 & 8/31/2011.**

On 12/20/2011 in Rule 29 and Rule 33 Motion argument the Honorable court granted a judgment of acquittal on **Count One** and **Count (S1) One**, and **denied** judgment of acquittal on **Counts Two and Three** and **Counts (S1) Two and (S1) Three** of two (2) **S1 Indictments** evident in (2) two docket entries for Rule 29 Motion arguments. **{DE-75}** The Honorable Court denied the acquittal **citing** the following transaction between the **petitioner and Garza-Gonzalez:  Rule 29-T-9 Line-8:**

THE COURT: The agreement was to take the money from Garza and give him back perfumes. So the Knowledge is satisfied by Mr. Datta's 90 percent certainty that it is drug money. That shows that he knows that what he's doing laundering drug money, and the fact that he takes the cash and supplies with perfumes demonstrate the agreement.

**This transaction did not take place and did not exist in trial record.**

On 1/20/2012 The petitioner was sentenced on counts Two and Three of **Garza-Gonzalez** and **Hilario.**

ST-48:

MR. WHITE: *But consider this, that my argument was directed to the counts of conviction, Count Two and Three of the money essentially from Fausto Garcia and Hilario Martinez, what his statement of mine was with that.*

The Honorable court dismissed all open indictments and counts of those indictments for the petitioner on the motion of the government after sentencing on **Counts 2s, 3s. Counts 1-2, 1s, 1ss-2ss, 3ss** were dismissed.  **(DE-87)  ST-55, Line-24;**

MR. SKINNER: Not, with regard to the sentence but there are **other indictments** against the **defendant. We would (ST-56) move to dismiss all counts of those indictments.**

THE COURT: Granted. Thank you, counsel.

Counts One, Two and Three belonged to **Garza-Gonzalez** in Case: **11-cr-0102-LAK; and Hilario** in Case: **11-CR-578 (VM)** for conspiracy to launder the proceeds of drug trafficking with "SOMEONE" in SDNY in **Case: 1:09-CR-949-02 (LAK)**. The **Sentencing Computation Data** and **Statement of Reasons** for the petitioner are prepared on Count Two, and Count Three in **Case# 1:09-CR-949-02 (LAK)** for a offense on **1/31/2011**. Please see information from **Sentencing Computation Data** for the petitioner. **(Exhibit-5)**

Petitioner's Sentencing Orders in **Case: 1:09-CR-949-02 (LAK)**; and convictions in **February 8, 2012 amended judgment** were affirmed for an offense on **1/31/2011** in United States v. Garza-Gonzalez, 512 Fed Appx, 60 (2d Cir. 2013) US Marshal delivered the petitioner to FCI Bastrop on **02/29/2012** pursuant to Imprisonment Order on **Defendant Case Number: 1:09-CR-949-02 (LAK)** for an offense on **1/31/2011**. The authenticity of the document is evidenced-**Fax # (212) 637-6132** of US Marshals Office in the middle of the top of the page 1/19 of **Document 90.(Exhibit-6)**  Petitioner submits his Sentence Monitor Data as of 2/3/2014 as evidence in support with the same **FBI # 474001 XAI** as in **Sentencing Computation Data, PSR,** and **Home Confinement Document. (Exhibit-7)**

The Honorable Court amended the judgment for a second time on 10/13/2016 from S2 Counts to S1 Counts in Case: 11-cr-0102 for the offense on 1/31/2011 without resentencing the petitioner, that deprived him to file direct appeal for **Jurisdictional Violations** and **Defective Indictment.**

## PLEADINGS

The government added name of the petitioner without **Jurisdiction** in the counts of **Hilario's** and

**Garza-Gonzalez's** conspiracies to launder the proceeds of drug trafficking in SDNY in their respective

Cases: **11-cr-0578 (VM)**; and **11-cr-0102-LAK**. Government filed tempered / falsified Indictments:

11 CRIM 102; S1 and S2 from **Garza-Gonzalez's Case: 11-cr-0102**; and Hilario's **Case: 11-cr-0578 (VM)**.

Petitioner was not party to **Garza-Gonzalez's Case: 11-cr-0102**; & Hilario's **Case: 11-cr-578 (VM)**.

The government fabricated falsified Indictment: **11 CRIM 102** on **2/3/2011** without grand jury scrutiny

of Jurisdiction over the petitioner **ONLY** not to hold **probable cause** hearing on 2/8/2011 for the arrest

of the petitioner on 1/15/2011. The government tampered Indictments: **11 CRIM 102, S1 and S2** only

to prosecute the petitioner for **Hilario's** conspiracy to launder the proceed of the drug trafficking from

**June 2009 to January 2011** without  jurisdiction  for money laundering offense on 1/31/2011.

In the Order on 6/1/2016 the Honorable Court ruled in <u>Case: 1:11-cr-00102-LAK-</u> only Datta and

**Garza-Gonzalez** were charged in this case. **Garza-Gonzalez** did not have **drug money** in Mexico between

**June 2009 to January 2011** in **Count One** of the Original Indictment: **11 CRIM 102**, and **Counts Two and**

**Three** of the **S1 Indictment** filed on 8/9/2011, and **S2 Indictment** filed on 8/23/2011 in **Case: 11-cr-0102**.

**Garza-Gonzalez** did not start dealings with **ALBERTO** in Mexico City, who had dirty US Dollars until after

mid January-February of 2011 i.e. after the arrest of the petitioner in the SDNY on 1/15/2011. **Hilario** did

not bring **drug money** from **Garza-Gonzalez** to petitioner's business **La Versailles Fragrances Inc** located

in Laredo from Mexico between **June 2009 to January 2011**. Petitioner did not send drug money to any

perfume business in USA or in the SDNY on **October 5-6, 2010** in Count One of Indictment: **11 CRIM 102**

between **October 2009 to January 2011**; & Count Two and Three between **June 2009 to January 2011** of

S1 & S2 Indictment in **Case: 11-cr-0102**; the Honorable Court instructed the jury during trial to disregard

**Garza-Gonzalez's** belief, his money in Mexico was drug money. **(T-578); thus Indictments: 11 CRIM 102;**

**S1 & S2** filed in Case: **11-cr-0102** were **defective** for two reasons; (1) **Hilario** did not bring drug money

from **Garza-Gonzalez** from Mexico to USA that petitioner sent to the SDNY on **October 5-6, 2010, &** (2) the petitioner was not party to **Hilario's** conspiracy in SDNY from **June 2009 to January 2011**, and was not party to the offense on **1/31/2011** in Case: **11-cr-0578 (VM)**. The government manufactured an illegitimate case against the petitioner with the fabrication of **falsified** and **tampered** paper documents, **NOT** for any drug money laundering offense committed by the petitioner.

The petitioner was charged and arrested on 1/15/2011 for conspiring to launder the proceeds of drug trafficking from **October 2009 to January 15, 2011** in Count One of **Indictment: 11 CRIM 102** filed 2/3/2011. Count One was dismissed on **12/20/2011** in Rule 29 motion proceeding.

The government neither filed nor tried the petitioner on the **(S1)** Indictment of **Garza-Gonzalez** for Conspiracy to launder the proceeds of drug trafficking in SDNY from **2007 to October 2011** in which the Honorable Appeal Court affirmed the February 8, 2012 amended judgment in **United States v. Garza-Gonzalez, 512 Fed Appx, 60 (2d Cir. 2013)** for an offense on **1/31/2011** in Case: **1:09-CR-949-02 (LAK)**.

**Garza-Gonzalez's** exchanging the Mexican Pesos, to/for US Dollars in **Mexico** did not implicate the petitioner in **Garza-Gonzalez's** conspiracy to launder proceeds of the drug trafficking in SDNY; **Hilario's** travelling internationally from **Mexico to USA** with legitimate money for **Garza-Gonzalez** to petitioner's business **"La Versailles Fragrances Inc."** in Laredo, TX did not implicate the petitioner for **Conspiring to Travel Internationally in Aid of the Racketeering Enterprises** from **Mexico to USA** in the offense on **1/31/2011** in SDNY in **Case: 11-cr-0102; and/or 11-cr-0578 (VM).**

The petitioner was tried on **DEFECTIVE S1** Indictment: **S1 11 Cr. 102 (LAK)** falsified and tampered by government only to prosecute petitioner without **JURISDICTION** for Hilario's conspiracy to launder the proceeds of drug trafficking from **June 2009 to January 2011** in **Case: 11 CR 578 (VM)** for the offense on **1/31/2011.** Trial record & PSR did not have reference to a offense in which the petitioner conspired with **Hilario** in **Case: 11 CR 578 (VM)**; or Garza-Gonzalez in **Case: 11-CR-102 (LAK)** to launder money in SDNY on 1/31/2011. There can't be conspiracy without any offense in which drug money was laundered.

**The Honorable Court Ruled in 1/25/2022** order... **09-cr-949** is the number of a case in which two witnesses who cooperated against the petitioner were charged, but in which **DATTA** the petitioner **was never a party.** The **PSR, Sentencing Computation Data** and **Statement of Reasons** for petitioner are for the offenses in Counts Two and Three in **Case# 1:09-CR-949-02 (LAK)** for an offense on **1/31/2011.**

The petitioner was arrested pursuant to falsified arrest Warrant 11 MAG 108 on **1/15/2011** for conspiring to launder the proceeds of drug trafficking in SDNY from **October 2009 to January 15, 2011.** The petitioner was kidnapped in SDNY on 1/15/2011, abducted to New Jersey and was held hostage in Passaic County Jail till 1/18/2011. When the petitioner refused to plead guilty for a crime he did not commit & told DEA Special Agent John Post about (CW) making cash payments to perfume businesses in NY and NJ in early October 2010 arranged by **SHARMA** owner of a perfume business **TM Perfumes in Laredo, TX.** Agent Post told the petitioner – he knew and petitioner has to plead guilty for laundering drug money and lead the agents to arrest **SHARMA.** The petitioner refused to plead guilty, government circumvented the fabrication of tempered / falsified **documents** process including but not limited to **arrest warrants,** and **indictments** from cases including but not limited to **11-mj-0108-UA; 11-cr-0578;** and **11-cr-0102** only to prosecute the petitioner without **jurisdiction.** The government fabricated **tempered / edited** transcripts for the arraignments on **8/18/2011** and **9/7/2011.**

The government removed **Hilario** with his guilty plea on **7/8/2011;** and **Garza-Gonzalez** with his guilty plea on **9/8/2011** from **S1 & S2** Indictment in Case: 11-cr-0102. The government amended guilty plea of **Garza-Gonzalez** from **Counts Two and Three** of S2 Indictment filed in **Case: 11-cr-0102** for conspiracy  to launder the proceeds of drug trafficking with Hilario in SDNY **June 2009 to January 2011 in Case: 11-cr-578 (VM)** to Counts 1 & 2 of Case: **11-CR-102-LAK** on **6/28/2012. On 8/26/2011 Garza-Gonzalez** entered plea of not guilty to Counts 2 & 3 in **S2** Indictment before Magistrate Judge Honorable James C. Francis. **(DE-51) Hilario** and **Garza-Gonzalez** waived indictment, **NOT** petitioner.

The Honorable Court Ruled on 1/25/2022 ... The petitioner was charged, tried and sentenced

11

in 11-cr-0102 and only on the **S1 Indictment**. The S1 Indictment in Case: 11-cr-0102 was **DEFECTIVE** that charged the petitioner without **JURISICTION** for conspiracy to launder the proceeds of drug trafficking in SDNY from **June 2009 to January 2011** in **Case: 11-cr-0578 (VM)** to which the petitioner was not party.

The government even did not arraign the petitioner on the **S1 Indictment** in 11-cr-0102 knowing it was a **tempered document, filed** as **Superseding Indictment: S1 11 Cr. 102 (LAK)** for **Hilario's** conspiracy to launder the proceeds of drug trafficking in SDNY from **Case: 11-cr-0578 (VM)** for an offense ended on 1/31/2011. The petitioner was neither party to **Hilario's** conspiracy in **Case: 11 CR 578 (VM)**; nor party to **Garza-Gonzalez's** conspiracy in **Case: 11 CR 102 (LAK)**; and/or Case: **1:09-CR-949-02 (LAK)** in which a money laundering offense **arranged** by the government using the cooperating witnesses on 1/31/2011 in the SDNY.  Hilario was arrested on **1/18/2011** in Laredo, Texas for conspiring with **"SOMEONE"** in the SDNY in the offense that ended on **1/31/2011** in Case: 11-cr-0578 (VM) arranged by the government.

*On 10/23/2018, the Honorable Court denied 192 Motion to provide the petitioner with 'Original Indictment' on which he had been sentenced on 1/20/2012 and the indictments in which the Honorable Court amended the judgments for the Count (S2) Two and Count (S2) Three on 2/8/2012 bearing Case# 1(S2)11-CR-0102-01 (LAK) & for Counts (S1)Two and (S1)Three bearing Case#(S1)11-CR-0102-01 (LAK) on 10/13/2016 for the conspiracy of the offense charged in the Counts Two and Three  from Case # 1:09-CR-949-02 (LAK) for an offense that happened on 1/31/2011 without prejudice to any civil action pursuant to the 701A.*

The petitioner is not an attorney; he did not and still does not know what kind of civil action to pursue. The government did not **try** or **give** any S1 indictment in 11-cr-0102 in which the petitioner was charged as a co-defendant of **Garza–Gonzalez**, in which the Honorable Appeal Court affirmed the February 8, 2011 amended judgment with sentencing orders in **Case: 1:09-CR-949-02(LAK)** for an offense on 1/31/2011 in **United States v. Garza-Gonzalez, 512 Fed, Appx. 60 (2d Cir. 2013).**

The government maliciously Implicated the petitioner in this case of conspiracy to launder the proceeds of drug trafficking in NJ & SDNY for refusing to plead guilty. One cooperating witness (CW) delivered the cash payments to three perfume businesses in early **October 2010**, in NJ, & NY arranged by **Virender Sharma** the owner of TM Perfumes in Laredo, TX; **NOT** by the petitioner **VIKRAM DATTA**

owner of **La Versailles**. The government fabricated falsified / tempered **documents, arrest warrants** and

**indictments** in multiple cases for different conspiracy periods; **Case: 11-mj-010-UA** for conspiracy period

from **October 2009 to January 15, 2011** in **Count One; Case: 11-cr-0578 (VM)** for **Hilario's** conspiracy

period from **June 2009 to January 31, 2011; & Case: 11-cr-0102** for **Garza-Gonzalez's** conspiracy period

from **2007 to October 2011** in SDNY. Government merged the petitioner's **Case: 11-mj-0108-UA in Case:**

**11-cr-0102** to file **Original Indictment: 11 CRIM 102 on 2/3/2011.**

One Hispanic cooperating witness (CW) delivered cash payments to Nandansons Intl in Edison (NJ);

and three perfume businesses in NJ & SDNY arranged by **Virender Sharma** owner of the **TM Perfumes in**

Laredo, TX., in early **October 2010.** Agent Recinos wanted to use code **VALDEZ** to communicate with the

petitioner to buy perfumes in August of 2010. **VALDEZ** was present before Magistrate Judge Honorable

Andrew J Peck for the arraignment on 8/18/2011. The petitioner was not taken to court on 8/18/2011

for arraignment but only his jury trial was set for 9/12/2011. The government knew, the petitioner was

not involved in money laundering activities of Guptas, Sharma, Hilario, and Garza-Gonzalez , but wrongly

implicated him in the conspiracies in **Case: 11-cr-0578 (VM); 11-cr-0102-LAK;** and in other cases.

This Honorable Court has been presiding over the petitioner's case since 2/10/2011 & issued three

judgments that imposed forfeiture orders in the amount of $40,000,000 in Count One and $29,505,265

in Counts Two and Three & imposed sentence for 235 Months in **Count Two;** and 60 Months in **Count**

for an offense ended on **1/31/2011 in S1** Indictment in **Case: 11-cr-0102.** The petitioner was in jail from

1/15/2011 onwards, he did not participate in the offense on 1/31/2011. The government did not give

**Money Laundering Report, Sentencing Computation Data**, and **Statement of Reasons** for Sentencing to

the petitioner till **this day in 2024**. These documents are sealed and the petitioner can't and didn't get

them.   The petitioner respectfully submits the following requests for reliefs related to his case under

the **Privacy Act of 1974, 5 U.S.C. Section 552a.** Please see the form. **(Exhibit-8)**

## REQUEST FOR RELIEFS

1. The petitioner respectfully requests the Honorable Court to clarify the money laundering offense committed by the petitioner in which the proceeds of drug trafficking were laundered for which the petitioner was arrested on 1/15/2011; tried on 9/12/2011; and was sentenced on 1/20/2012 in the S1 Indictment in Case: 11-cr-0102.

2. The petitioner respectfully requests the Honorable Court to issue an order to the government to provide (1)The Probable Cause for the Arrest of the Petitioner on 1/15/2011, (2) Money Laundering Report, (3) The Statement of Reasons, and (4) Sentencing Computation Data to the petitioner.

3. The petitioner respectfully requests the Honorable Court to clarify whether the S1 Indictment in 11-cr-0102 was defective because the petitioner did not launder proceeds of drug trafficking; what is the difference between the S1 & (S1) indictment / Counts. (DE-53, 55, 75, 85, 87, 88, 89, 90)

4. The petitioner respectfully requests the Honorable Court to clarify with supporting evidence whether the S1 Indictment in Case: 11-cr-0102 was issued by the grand jury for the petitioner for conspiring to launder the proceeds of drug trafficking in SDNY from June 2009 to January 2011.

5. The petitioner respectfully requests the Honorable Court to provide the date, time, place, and the amount(s) of the transaction(s) between the petitioner and Faustino Garza-Gonzalez in which the petitioner accepted drug money and in return gave perfumes to Faustino Garza-Gonzalez for which the Honorable Court denied Rule 29 Motion Acquittal on Counts Two and Three of the S1 Indictment in Case: 11-cr-0102 on 12/20/2011.

6. The petitioner respectfully requests the Honorable Court to order the government to provide the Hard Copy of the S1 Indictment in Case: 11-cr-0102, in which the Honorable Appeal Court affirmed the February 8, 2012 amended judgment in United States v. Garza-Gonzalez, 512 Fed. Appx, 60 (2d Cir. 2013) for the offense on 1/31/2011.

I, VIKRAM DATTA, declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the forgoing is true and correct to the best of my personal knowledge and ability.

COUNTY OF WEBB                                    Respectfully Submitted
STATE OF TEXAS

                                                 _Vikram - Datta_  1/25/24
                                                 Vikram Datta              Date
                                                 USM # 64542-054
                                                 7512 Delfina Drive    Laredo, TX. 78040

On this the _25th_ day of _January_, 20~~22~~ *2024*, before me, a Notary in the State of Texas, appeared the

Man, Vikram Datta who resides at 7512 Delfina Drive Laredo, TX. 78040

                                                 _[signature]_
                                                 Notary Public

14

AUSA PETER SKINNER (212-637-2601)

*EXHIBIT — 1*

CR 12 (Rev. 5/03)

## WARRANT FOR ARREST

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | DISTRICT SOUTHERN DISTRICT OF NEW YORK | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>VIKRAM DATTA | DOCKET NO. **11 MAG** | MAGISTRATE'S CASE NO. **108** |
| | NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED<br>VIKRAM DATTA | |
| WARRANT ISSUED ON THE BASIS OF: ☐ Order of Court<br>☐ Indictment  ☐ Information  X Complaint | DISTRICT OF ARREST | |
| TO: UNITED STATES MARSHAL OR ANY OTHER AUTHORIZED OFFICER | CITY | |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

| DESCRIPTION OF CHARGES | | |
|---|---|---|
| Conspiracy to Commit Money Laundering | | |

| IN VIOLATION OF | UNITED STATES CODE TITLE 18 | SECTION 1956 |
|---|---|---|

| BAIL | OTHER CONDITIONS OF RELEASE | |
|---|---|---|

| Debra Freeman<br>~~United States Magistrate Judge~~<br>~~Southern District of New York~~<br>CLERK OF COURT | SIGNATURE (FEDERAL JUDGE/U.S. MAGISTRATE)<br>*s/ [signature]*<br>(BY) DEPUTY CLERK | DATE ORDERED JAN 14 2011<br><br>DATE ISSUED |

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named person. | | |

| DATE RECEIVED<br><br>DATE EXECUTED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is executed.

U.S. DISTRICT COURT
FILED
JAN 14 2011
S. D. OF N.Y.

ESG # 2

AUSA PETER SKINNER (212-637-2601)

L. ORIGINAL

EXHIBIT - 2

CR 12 (Rev. 5/03)

## WARRANT FOR ARREST

### United States District Court

| | DISTRICT |
|---|---|
| UNITED STATES OF AMERICA | SOUTHERN DISTRICT OF NEW YORK |
| v. | DOCKET NO. **11 MAG**    MAGISTRATE'S CASE NO. **108** |
| VIKRAM DATTA | NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED |
| | VIKRAM DATTA |

WARRANT ISSUED ON THE BASIS OF:    ☐ Order of Court
☐ Indictment    ☐ Information    X Complaint

DISTRICT OF ARREST

TO: UNITED STATES MARSHAL OR ANY OTHER AUTHORIZED OFFICER    CITY

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

### DESCRIPTION OF CHARGES

Conspiracy to Commit Money Laundering

| IN VIOLATION OF | UNITED STATES CODE TITLE 18 | SECTION 1956 |
|---|---|---|

| BAIL | OTHER CONDITIONS OF RELEASE |
|---|---|

ORDERED BY Debra Freeman
United States Magistrate Judge
Southern District of New York

CLERK OF COURT

SIGNATURE (FEDERAL JUDGE/U.S. MAGISTRATE)

DATE ORDERED JAN 14 2011

(BY) DEPUTY CLERK

DATE ISSUED

### RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is executed.

1135am    9/9/2011

Faustino Garza.
Pete Skinner

EXHIBIT - 3

Arms

Do you Know these People

Armando Rodriguez    —    NO

Jose Esteban Martinez   —   No.

Gerrado Lopez        —    NO

      He Knows a Gerrado from perfumes

Is it possible that Gerrado vould be known by Jose Trinidad

Fassb Never Used Emex but knows where Z are

Do you Know if Gerrado Rangel used Emex — Yes
    they would sometimes use others — Not Fausto

Who were the other more Established people
Leopold (Pollo) Castranara?
    Edelmiro Martinez
    Hugo Canales
    Joan Ortega → Juan Urtiaga

Does Emex buy Cheap Dollars?
    Yes — the Ones in Laredo

What do you think was going on is pollo was Sending

Would Emex Exchange dollars for Pesos
    Yes

Vould they then pay using a check from Emex
    Its possible and Probable

Do you Know Victor Galvin of Alpha? — knows the owner

3502-M

Alpha Received dirty money from Mexican City
- the person that offered it to me Worked with Al
- Alberto said this to me

Principally bough dirty dollars from Alberto Martinez

~~When did you start working with Alberto~~
~~Between Jan-Feb of 2011~~

Do you Know
  Armando Rodriguez — No
  Beatrix Salicedo — Yes.
    - She Buys Perfumes, Ftkmk 545 from Guadalajara
    - She was one of my Customers
  Alma peidra — No
  Retsia Piedra — No

Would you agree - If Hilar Crossed thbridge and
delivered the money to La versaille and La versaille
deposited the money and wrote to the Gov an an 8300
would that person have been a customer
  - Yes
  I would tell Cynthina to who it was from

I know Certain Customers who Would deliver to La Versai
but it is probable that when they received money they
could put a different Name

Does Jose Luis Contreras have his own Store?
  I sold him dollars He must have alot of

3

Cynthia Recomended Jose Luis Contreras to Me
Fausto - I told him I would give him better service th
Alpha, Emex, Onex.

Who Introduced you to Jose Franco?
- I Met Jose Franco Many years ago at Alpha.

Cynthina Recomended
    Jose Contreras
    Mureccia Romeo

Do you know Jose Rodriguez But
            Yes But his Name is Jose Luis Martinez
    Armando Moreno - Yes

Did They Ever ask you for Id at La Versailles
    No but they asked Hilano Martinez

Vikram Datta told Fausto to deal with Cynthia
    He went and Met Vikram Datta at La Versailles

Do you Know another Money Exchanger Named
    Fernando? - No
    Frederico - No   But I've heard of Him

Did Corrado Rangel Work with any one Else?
    He has a compadre named George Gomez

Its possible That money was delivered to a person
        I never talked to.

Was the Amount Brought Always Match the Invoice
— I Never saw Any Invoice from Co Versilles

If you have a slip for '50. Could it You deliver 50
"It was Exactly What was on the Papers

Do you Know
     De Albas? Yes
     "Victor Manuel de Alba" from Guadalajara
     Met Him Many years ago at Alpha where he bought
     Electronic Equipment

Are you familiar Form 8300
     He Knows a CTR and a filing Request of 10,000

Why did they Use the Bank account At Falcon Bank to Pay
     — to Wire transfer from Nor Laredo to Laredo TX for Versilles

They could deposit Cash less than 10,000 to avoid CTR

Do you Know LuLu Herrera
     — I met her 15 years ago I never did Business w/h
     — From Guadalajara

Do you Know
     Magna Perfumes — No
     Pedro Velasco — Yes, Never did Business with him
     Namur — No

When did you Start Delivery to La Versilles
     Middle 2009 to Begining 2010

5

Do you Know  Jamie Farjarto — Yes
    - Merchant that would buy Electronic Equipment
    - My Ex Boss talked a lot About them

Do you Know
        Jose Esteban Martnez

What is the Phone number to your Radio
        867 116 33 56   Cell #
        52 306 50 65  — Radio #
The other people had first numer
        Trinidad had #2
        Hilario had #1
        Jose Jesus Garcia   had Ether 4 or 3

#1  Who were the Voices in the folespse Call
    - Cynthia and me
    - Money from Jose Luis Contreras
    - Put money inside a little Envelope #100-300 in dolls
    - I Believe it was Antonio Morenos Instructions
    - For Cynthia to give to the boys that were Packaging

#2  Me and Cynthia
        Everardo Rangel told me to report to her
        Both Were Costners Everardo Rangel + Perfum Man

Recordig   Cynthia and me
        Cynthia asking if anyone paid Fausto for Cynthia
        Calemanes is a nick Name for
        Catalina y Guero Frasto are Married

6

Cynthia Never Came to House or Business
- She Knew that they had a Physical Location

Pete Skinner talks about Plea and Cooperation ag.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

        - v. -                              :

FAUSTINO GARZA-GONZALEZ,                     :
        a/k/a "Fausto,"                      :

                    Defendant.               :

- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED #: 2-2-11

ORDER

S3 11 Cr. 102 (LAK)

EXHIBIT — (H)

        WHEREAS, with defendant Faustino Garza-Gonzalez's

consent, his guilty plea allocution was taken before the

Honorable James L. Cott, United States Magistrate Judge, on

September 8, 2011;

        WHEREAS, a transcript of the allocution was made and

thereafter was transmitted to the District Court; and

        WHEREAS, upon review of that transcript, this Court has

determined that Garza-Gonzalez entered the guilty plea knowingly

and voluntarily, and that there was a factual basis for the

guilty plea;

        IT IS HEREBY ORDERED that Ovalles's guilty plea is

accepted.

Dated: New York, New York
        September 14, 2011

                        HON. LEWIS A. KAPLAN
                        United States District Judge
                        Southern District of New York

PSI REPORT

[LAK

COMPUTATION DATA | DEFENDANT CASE NUMBER 109-CR-949-0

F.B.I No — 474001 XA1  DOCKET NUMBER (S2) 11-CR-0102-01

OFFENSE CODE - 548   OFFENSE CHARGED  18-1956 (H)
                                        18-371

SENTENCE PROCEDURE    —    3559 PLRA SENTENCE

Date of OFFENSE  — 01/31/2011

Case Number - S2-11-CR-0102-01 [LAK]

Date of ORIGINAL Judgment  —  2/7/12

CORRECTION OF SENTENCE FOR CLERICAL MISTAKE - FED. R. CRIM. P. 3

DEFENDANT Was Found GUILTY ON - COUNTS - (S2) TWO & (S2) Three

FBI CRIMINAL JUSTICE Information Services DIVISON

CLARKBURG, WV - 26306

Tx - 0110 - 17C        ICNE 2012089 080200 144431

TCN - 0036498799

The FBI Identified Your Ten Print Submission which contained

The following Descriptors.

[ EXHIBIT - 5. ]

FROM :US MARSHALS                    FAX NO. :12126376132                    b. 17 2012 12:53PM P 1

Case 1:11-cr-00102-LAK   Document 90   Filed 02/08/12   Page 1 of 19.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 1                                                                    (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| VIKRAM DATTA | Case Number: 1:(S2)11-CR-0102-01(LAK) |
| | USM Number: 64542-054 |
| Date of Original Judgment: 2/7/12 | Diarmuid White, Esq. (212) 861-9850 |
| (Or Date of Last Amended Judgment) | Defendant's Attorney. |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
✓ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☒ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☒ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
☐   18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)
   which was accepted by the court.
✓ was found guilty on count(s)   (S2) Two & (S2) Three
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1956(h) | Conspiracy to Commit Money Laundering | 1/31/11 | (S2) Two |
| 18 USC 371 | Conspiracy to Travel Internationally in Aid of Racketeering | 1/31/11 | (S2) Three |

The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

✓ The defendant has been acquitted of count (S2) One by the 12/20/201? Order.
✓ Count(s)     All Open     ☐ is   ✓ are dismissed on the motion of the United States...

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

* The changes to the 2/7/12 J&C can be found on the Imprisonment Date of Imposition of Judgment
   Pages, page 2.

January 20, 2012

_____
Signature of Judge

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judge

_____
Date:

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/8/12

US MARSHALS                    FAX NO. :12126376132              b. 17 2012 12:53PM P 2

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case   Case 1:09-cr-00949-LAK Document 90   Filed 02/08/12   Page 2 of 19
          Sheet 2 — Imprisonment                                                           (NOTE: Identify Changes with Asterisks (*))
                                                                                      Judgment — Page __ of __ 6

DEFENDANT:     VIKRAM DATTA
CASE NUMBER:   1:09-CR-949-02(LAK)

## IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term:

235 Months on (S2) Two and 60 Months on (S2) Three, the terms to run concurrently.*

 

☑  The court makes the following recommendations to the Bureau of Prisons:
    That consistent with the policies of the Bureau of Prisons: (1) the defendant be designated to a facility as close to Laredo, TX as possible; (2) he be considered for participation in the RDAP program; (3) he be evaluated and, if necessary, treated for his hearing impairment.*

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
    ☐  at _____ ☐ a.m.  ☐ p.m.  on _____
    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐  before 2 p.m. on _____
    ☐  as notified by the United States Marshal.
    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on   Feb 29, 2012   to   FCI Bastrop

n   Bastrop Tixas   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By   BOP
_____
DEPUTY UNITED STATES MARSHAL

```
                                         COMPUTATION ----
                                         AS OF 02-0                        02-03-2014
                                                                           13:22:23

    REGNO..: 64542-054 NAME: DATTA, VIKRAM


    FBI NO............: 474001XA1
    ARS1.............: BAS/A-DES            DATE OF BIRTH: 10-26-1960  AGE:  53
    UNIT.............: CROCKETT
    DETAINERS........: NO                   QUARTERS.....: C06-601L
                                            NOTIFICATIONS: NO
    HOME DETENTION ELIGIBILITY DATE: 08-05-2027

    THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
    THE INMATE IS PROJECTED FOR RELEASE:  02-05-2028 VIA GCT REL


    -------------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------
    COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
    DOCKET NUMBER...................: 1;(S2)11-CR-0102-01(
    JUDGE...........................: KAPLAN
    DATE SENTENCED/PROBATION IMPOSED: 01-20-2012
    DATE COMMITTED..................: 02-29-2012
    HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
    PROBATION IMPOSED...............: NO


    NON-COMMITTED.:  FELONY ASSESS   MISDMNR ASSESS   FINES          COSTS
                     $200.00         $00.00           $00.00         $00.00
    RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO
                                                      AMOUNT:  $00.00
    --------------------------CURRENT OBLIGATION NO: 010 ------------------------
    OFFENSE CODE....:  548
    OFF/CHG: 18:1956.(H)  CONSPIRACY TO COMMIT MONEY LAUNDERING
             18:371 CONSP TO TRAVEL INTERNATIONALLY IN AID OF RACKETEERING

    SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
    SENTENCE IMPOSED/TIME TO SERVE.:  235 MONTHS
    TERM OF SUPERVISION.............:  3 YEARS
    DATE OF OFFENSE.................: 01-31-2011


    G0002      MORE PAGES TO FOLLOW ,
```

EXHIBIT - 7

U.S Department of Justice

## Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  VIKRAM - DATTA

Citizenship Status [2]  U.S. CITIZEN          Social Security Number [3]  521 - 39 - 8919

Current Address  7512  DELFINA  DRIVE  LAREDO,  TEXAS,  78041

Date of Birth  10/22/1960          Place of Birth  AMRITSAR,  INDIA

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  Vikram - Datta          Date  1/25/24

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

VIKRAM - DATTA
USM # 64542054
7512 Delfina Dr.
Laredo, TX 78041

CERTIFIED MAIL



CERTIFIED MAIL

9589 0710 5270 1545 1488 41

To

United States District Court [SDNY]
500 Pearl Street
New York, NY - 10007

RECEIVED
JAN 29 2024
CLERK'S OFFICE
S.D.N.Y.

U.S. POSTAGE
FCM LG EN
LAREDO, T:
JAN 25, 202

$6.99

R2303S101

Retail

RDC 99

10007

USPS
USMS
SDNY

DEL MAR STATION
JAN 25 2024
LAREDO TX 78045

